# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **David Philip Schupmann**, | Bankruptcy No. 26-05587 |
| Debtor. | Honorable Jacqueline P. Cox |

## NOTICE OF MOTION

TO: See attached list.

**Please take notice** that on **September 1, 2026, at 1:00 p.m.**, I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place **either** in courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, **or** electronically as described below, and present the **Schupmann's Application to Employ Michael Jurasek and Taft Stettinius & Hollister LLP as Special Counsel, Effective as of August 1, 2026**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID is 161 273 2896, and the passcode is 778135. The meeting ID and passcode can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: August 24, 2026

**David Philip Schupmann**

By: /s/ Jeffrey K. Paulsen
One of His Attorneys

Jeffrey K. Paulsen (6300528)
Paulsen+HoltschlagLLC
1245 S. Michigan, No. 115
Chicago, IL 60605
Tel: (847) 644-9385
Email: jpaulsen@ph-firm.com

## CERTIFICATE OF SERVICE

I, Jeffrey K. Paulsen,

☑ an attorney, certify

—or—

☐ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on August 24, 2026.

/s/ Jeffrey K. Paulsen

## SERVICE LIST

**Registrants**
(Service via ECF)

Ira Bodenstein
iratrustee@cozen.com, IL29@ecfcbis.com

Ira Bodenstein on behalf of Trustee Ira Bodenstein
ibodenstein@cozen.com, ira-bodenstein-9561@ecf.pacerpro.com

Adam G. Brief
Ustpregion11.es.ecf@usdoj.gov

Ariane Holtschlag on behalf of Debtor 1 David Philip Schupmann
aholtschlag@ph-firm.com, aholtschlag_277@ecf.courtdrive.com,
Holtschlag.ArianeB138711@notify.bestcase.com

Dana N O'Brien on behalf of Creditor Old Second National Bank
dana.obrien@mccalla.com, mccallaecf@ecf.courtdrive.com

Jeffrey K. Paulsen on behalf of Debtor 1 David Philip Schupmann
jpaulsen@ph-firm.com, jpaulsen_418@ecf.courtdrive.com

Landon S. Raiford on behalf of Taft Stettinius & Hollister LLP
lraiford@taftlaw.com, bmount@taftlaw.com, CHI_Docket_Assist@taftlaw.com

Elizabeth B. Vandesteeg on behalf of Creditor FW-CO, Inc. d/b/a Fortis
evandesteeg@lplegal.com, nbailey@lplegal.com, ikropiewnicka@lplegal.com, druiz@lplegal.com, kpatton@lplegal.com

**Non-Registrants**
(Service via U.S. Mail)

See attached service list.

**Non-ECF Service List**

| Name | Address1 | Address2 | Address3 | Address4 |
|---|---|---|---|---|
| Old Second National Bank | c/o McCalla Raymer Leibert Pierce, LLP | Bankruptcy Department | 333 West Wacker Drive Suite 1820 | Chicago, IL 60606-1220 |
| Capital One | Attn: Payment Processing | PO Box 71087 | Charlotte, NC 28272-1087 | |
| Chase Cardmember Services | P.O. Box 6294 | Carol Stream, IL 60197-6294 | | |
| Department of the Treasury, Internal Revenue | Service, P.O. Box 7346 | Philadelphia, PA 19101 | | |
| Discover | P.O. Box 6103 | Carol Stream, IL 60197-6103 | | |
| FW-CO, Inc. | c/o C T Corporation System | 7700 E Arapahoe Rd, Ste 220 | Englewood, CO 80112-1268 | |
| FW-CO, Inc. | c/o Senn Fortis | 1700 Lincoln Street, Suite 2100 | Denver, CO 80203-4521 | |
| Internal Revenue Service | Mail Stop 5014CHI | 230 South Dearborn Street, Room 2600 | Chicago, IL 60604-1705 | |
| Internal Revenue Service | P.O. Box 7346 | Philadelphia, PA 19101-7346 | | |
| Jennifer Schupmann | 0S440 Crego Place | Geneva, IL 60134-6178 | | |
| Mail Stop 5014CHI | 230 S. Dearborn Street, Room 2600 | Chicago, IL 60604 | | |
| Old Second National Bank | Attention: Loan Servicing 2nd Floor NOE | 37 S River St. | Aurora, IL 60506-4172 | |
| Old Second National Bank | PO Box 0054 | Palatine, IL 60078-0054 | | |
| Taft | Attn: Michael C. Jurasek | 111 East Wacker, Suite 2600 | Chicago, IL 60601-4208 | |
| Adam G. Brief | Office of the U. S. Trustee, Region 11 | 219 South Dearborn | Room 873 | Chicago, IL 60604-2027 |
| David Philip Schupmann | 0S440 Crego Place | Geneva, IL 60134-6178 | | |
| WESTLAKE COMMUNITY HOSPITAL | 123 N WACKER DRIVE | SUITE 1800 | CHICAGO IL 60606-1770 | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **David Philip Schupmann**, | Bankruptcy No. 26-05587 |
| Debtor. | Honorable Jacqueline P. Cox |

## SCHUPMANN'S APPLICATION TO EMPLOY MICHAEL JURASEK AND TAFT STETTINIUS & HOLLISTER LLP AS SPECIAL COUNSEL, EFFECTIVE AS OF AUGUST 1, 2026

So that he can advance this chapter 11 bankruptcy case, David Philip Schupmann seeks to employ Michael Jurasek and Taft Stettinius & Hollister LLP (collectively, "Jurasek") as his special counsel effective as of August 1, 2026, on the terms and conditions set forth herein, in the Engagement Letter appended hereto as Exhibit A and in the Declaration of Michael Jurasek (the "Jurasek Declaration"), attached as Exhibit B.

### 1. BACKGROUND.

On March 30, 2026, to foster a more efficient resolution of an expensive legal dispute with his former employer and to provide for payment of his debts from his future income, Schupmann filed this chapter 11 case. Schupmann remains in possession of his property and continues to operate and manage his affairs as debtor-in-possession pursuant to § 1184 of the Bankruptcy Code.

Jurasek represented Schupmann in the pre-bankruptcy litigation with the former employer. Through this representation, Jurasek became intimately familiar with the dispute between Schupmann and the former employer, and that institutional knowledge will be invaluable to Schupmann as he seeks resolution of

that dispute in this court. During the course of the litigation, Schupmann incurred about $500,000 in fees to Jurasek, which remained unpaid as of the date Schupmann filed for bankruptcy.

Schupmann now seeks to employ Jurasek as special counsel in this case to handle expected litigation with the former employer. This will likely involve an objection to the former employer's claim, prosecuting a counterclaim against the former employer, and related matters.

Schupmann's bankruptcy counsel will continue to handle the ordinary aspects of Schupmann's chapter 11 case, such as pursuing a chapter 11 plan and the like. Jurasek and Schupmann's bankruptcy counsel will coordinate to ensure that their efforts are not duplicated.

Schupmann therefore requests that this Court authorize Jurasek's employment on the terms and conditions set forth in this motion and in the Jurasek Declaration, effective as of August 1, 2026.

## 2. DISCUSSION.

### 2.1. Jurasek should be employed as special counsel, retroactive to August 1, 2026.

A debtor-in-possession may employ, with the court's approval, for a specified special purpose, and attorney that has represented the debtor, "if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

Here, Jurasek's employment is in the best interest of the Estate. Jurasek represented Schupmann in pre-bankruptcy litigation with Schupmann's former employer, and his experience with the matter is invaluable to Schupmann. If

Schupmann had to retain new counsel to represent him in his dispute with the former employer, it would be expensive to pay that lawyer to get up to speed, and it could lead to delays in the resolution of the dispute. By employing Jurasek, the Estate will see a more efficient and quicker resolution.

Further, based upon the Jurasek Declaration, Schupmann believes that Jurasek does not hold or represent an interest adverse to Schupmann or the Estate with respect to the dispute with Schupmann's former employer, and that pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Jurasek does not have any connections with Schupmann, his creditors, the United States Trustee or any person employed in the office of the United States Trustee, any other party in interest, or their respective attorneys or accountants other than as disclosed herein or in the Jurasek Declaration. Moreover, Jurasek is not an insider of Schupmann, and is not and has never been Schupmann's employee.

Under the facts as described herein and in the Jurasek Declaration, Schupmann believes that Jurasek's retention satisfies all the applicable statutory standards described above.

Schupmann further requests that this employment be approved effective as of August 1, 2026. Schupmann is seeking retroactive employment so that Jurasek can seek, under §§ 330 and 503(b) of the Bankruptcy Code, compensation for fees and expenses incurred prior to entry of an order approving Jurasek's employment. The Seventh Circuit has held that under appropriate circumstances, a court may retroactively approve the employment of professionals who render services for a debtor even absent strict compliance with § 327 of the Bankruptcy Code. *See In re Singson*, 41 F.3d 316, 319 (7th Cir. 1994).

Here, retroactive employment is appropriate. Prior to presentment of this application, Jurasek has and will continue to expend effort to advance Schupmann's chapter 11 case. Therefore, Schupmann submits that appropriate circumstances exist for authorizing retroactive employment.

### 2.2. Jurasek's compensation.

Subject to this Court's approval and in accordance with §§ 327 and 330 of the Bankruptcy Code, Schupmann requests that Jurasek be compensated on an hourly basis in accordance with its ordinary and customary hourly rates for work of this nature and be reimbursed for the actual, necessary expenses it incurs. The hourly rates applicable to the attorneys and professionals expected to represent Schupmann are as follows:

| Professional | Title | Hourly Rate |
|---|---|---|
| Michael Jurasek | Partner | $1,030 |
| Emily England | Associate | $430 |

Other lawyers may work on the file, and may bill between $365 per hour for new associates, to $1,900 per hour for senior partners. Time devoted by paralegals is charged at billing rates ranging from $225 to $485 per hour.

Jurasek maintains detailed and contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services contemplated herein by category and nature of the services rendered.

Jurasek understands that compensation for legal services rendered on Schupmann's behalf shall be subject to Court approval, after notice and hearing, and in accordance with applicable sections of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and local rules and procedures of this Court.

As set forth in the Jurasek Declaration, Jurasek has not entered into any arrangement to share such compensation as it may be awarded herein except as permitted under § 504(b) of the Bankruptcy Code. None of Jurasek's attorneys is a relative of the bankruptcy judge assigned to the case or any person employed by the Office of the United States Trustee.

**Wherefore**, Schupmann respectfully request that the Court enter an order like the one attached to this application, authorizing him to employ Jurasek as his special counsel in the case on the terms and subject to the conditions set forth herein and in the Engagement Letter and Jurasek Declaration, effective as of August 1, 2026, and granting such further relief as is appropriate under the circumstances.

Dated: August 24, 2026

Respectfully submitted,

**David Philip Schupmann**

By: /s/ Jeffrey K. Paulsen
One of His Attorneys

Jeffrey K. Paulsen (6300528)
Paulsen+HoltschlagLLC
1245 S. Michigan, No. 115
Chicago, IL 60605
Tel: (847) 644-9385
Email: jpaulsen@ph-firm.com

# EXHIBIT A

Taft/

111 East Wacker Drive, Suite 2600
Chicago, IL 60601-4208
Tel: 312.527.4000 | Fax: 312.527.4011
taftlaw.com

MICHAEL C. JURASEK
Direct: 312-836-4141
Facsimile: 312-966-8602
E-mail: mjurasek@taftlaw.com

August 10, 2026

***VIA E-MAIL (DSCHUPMANN@TOPPICKATHLETICS.COM)***
David Schupmann
0S440 Crego Place
Geneva, IL 60134-6178

***Re: In Re: David Philip Schupmann, et al. – Chapter 11 Bankruptcy Case No. 26-05587***

Dear Dave:

Thank you for selecting Taft Stettinius & Hollister LLP ("Taft") to act as counsel for you. This letter will confirm my discussion with you regarding our engagement and describe the basis on which our firm will provide legal services.

***Scope of Engagement***. The scope of our engagement will be limited to acting as special counsel to you pursuant to 11 U.S.C. § 327(e) with respect to United States Bankruptcy Court Case No. 26-05587, *In Re: David Philip Schupmann, et al.,* in which you are the debtor, and other matters as mutually agreed upon between you and Taft. Specifically, our role as special counsel will be limited to your dispute with Fortis: objecting to its proof of claim, prosecuting a counterclaim against Fortis, and related matters. We will not serve as your general bankruptcy counsel in the case.

***Client Responsibilities***. You agree to pay our statements for services and expenses as provided below. In addition, you agree to be candid and cooperative with us and to keep us informed with complete and accurate factual information, documents, and other communications relevant to the subject matter of our representation or otherwise reasonably requested by us.

***Fees***. The principal basis for computing our fees will be the amount of time spent on the matter by various lawyers and legal assistants multiplied by their individual hourly billing rates. Our hourly billing rates for lawyers currently range from $365 per hour for new associates to $1,900 per hour for senior partners. Time devoted by paralegals is charged at billing rates ranging from $225 to $485 per hour. My rate is currently $1,030 per hour.

***Costs***. We will include on our statements separate charges for performing services such as photocopying, messenger and delivery service, computerized research, travel, telephone conferencing and fax charges, and search and filing fees. You also agree to pay the charges for copying documents for retention in our files.

***Estimates***. The fees and costs relating to this engagement are not predictable. Accordingly, we have made no commitment to you concerning the maximum fees and costs which you may incur. Any estimate of fees and costs that we may have discussed represents only an estimate of such fees and costs.

***Payment of Statements***. We understand that we will have to prepare and file with the Bankruptcy Court fee applications seeking the allowance and payment of fees and expenses incurred on your behalf,

and we will endeavor to do so on a regular basis. Payment is due promptly upon Bankruptcy Court approval. If any statement remains unpaid for more than thirty (30) days after Bankruptcy Court approval, we may suspend performing services for you until arrangements satisfactory to us have been made for payment of outstanding statements and the payment of future fees and expenses. We reserve the right to impose a carrying charge of 1% per month on any amounts unpaid for more than thirty (30) days.

***Conflicts of Interest***. Our firm is a relatively large law firm and represents many other companies and individuals. Thus, during the time we are representing you, we may also represent other present or future clients in disputes or transactions adverse to you that are unrelated to this representation. If that occurs, we will consult with you immediately, and if circumstances warrant, we will respectfully request that you not disqualify our firm from representing other clients whose interests are or may be adverse to you on matters unrelated to your representation or opposing you in other matters, including litigation, that are unrelated to this representation.

We believe that it is in our clients' interest, as well as Taft's interest, that in the event legal ethics or related issues arise during a representation, we receive expert analysis of our obligations. Accordingly, as part of our agreement concerning our representation of you, you agree that if we determine in our own discretion during the course of the representation that it is either necessary or appropriate to consult with either Taft's internal counsel or, if we choose, outside counsel, we have your consent to do so and that our representation of you shall not, thereby, waive any attorney-client privilege that Taft may have to protect the confidentiality of our communications with counsel.

***Advice about Possible Outcomes***. Either at the commencement or during the course of our representation of you, we may express opinions or beliefs concerning the legal issues or various courses of action and the results that might be anticipated. Any such statement made by any lawyer of our firm is intended to be an expression of opinion only, based on information available to us at the time, and should not be construed by you as a promise or guarantee.

***Termination of Engagement***. You may at any time terminate our services and representation upon written notice to the firm. Such termination shall not, however, relieve you of the obligation to pay for all services already rendered, including work in progress and remaining incomplete at the time of termination, and to pay for all expenses incurred on your behalf through the date of termination.

We reserve the right to withdraw from our representation as required or permitted by the applicable rules of professional conduct upon written notice to you. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interest in any pending matters, and you agree to take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to perfect our withdrawal. We will be entitled to be paid for all services rendered and costs or expenses incurred on your behalf through the date of withdrawal. If permission for withdrawal is required by a court or arbitration panel, we will promptly request such permission, and you agree not to oppose our request.

***Conclusion of Representation; Retention and Disposition of Documents***. If our representation is terminated, at your request, your papers and property will be returned to you upon receipt of payment for outstanding fees and costs. Our own files pertaining to the matter will be retained by the firm. These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers. All such documents retained by the firm will be transferred to the person responsible

for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

Please review this letter carefully. If it meets with your approval, please sign in the space provided below and return it to me. Please call me if you have any questions.

ACKNOWLEDGED AND ACCEPTED:

____________________________________
DAVID P. SCHUPMANN

Very truly yours,

TAFT STETTINIUS & HOLLISTER LLP

/s/ Michael C. Jurasek

Michael C. Jurasek

302126429v1

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **David Philip Schupmann**, | Bankruptcy No. 26-05587 |
| Debtor. | Honorable Jacqueline P. Cox |

## DECLARATION OF MICHAEL JURASEK IN SUPPORT OF SCHUPMANN'S APPLICATION TO RETAIN MICHAEL JURASEK AND TAFT STETTINIUS & HOLLISTER LLP AS SPECIAL COUNSEL, EFFECTIVE AS OF AUGUST 1, 2026

I, Michael Jurasek, hereby state under penalty of perjury as follows:

1. I am an attorney duly licensed and authorized to practice law, and I am a member in good standing of the Bar of the State of Illinois and the United States District Court for the Northern District of Illinois. My ARDC No. is 6244588. I submit this declaration in support of the entry of an order authorizing the retention of myself and Taft Stettinius & Hollister LLP (collectively, "Jurasek") as special counsel for David Philip Schupmann in the captioned case. This declaration also is being submitted pursuant to 11 U.S.C. §§ 327(e), 328(a) and 329 and to comply with 11 U.S.C. § 504 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

2. I have experience and knowledge in commercial litigation and related fields, and I believe that Jurasek's attorneys are well-qualified to serve as special counsel for Schupmann.

3. An engagement letter between Schupmann and Jurasek setting forth the terms of Jurasek's employment in this chapter 11 proceeding is attached as Exhibit A to the application to employ Jurasek.

4. In connection with this declaration, I have reviewed the current list of Schupmann's creditors to determine if Jurasek has any relationships with those entities. The law firm Taft Stettinius & Hollister LLP holds a claim against Schupmann for pre-bankruptcy legal services of $493,908.39. The law firm also represented two companies related to Schupmann—Trident Solutions of Sugar Grove LLC and Top Pick Investment Group LLC—in the pre-bankruptcy litigation and in responding to Rule 2004 subpoenas in the bankruptcy case. At this time, Jurasek does not have any other connections to the creditors or other parties in interest.

5. Based upon the above review, to the best of my knowledge, information and belief, and except as set forth herein, Jurasek does not have an interest materially adverse to the interest of Schupmann's estate or of any class of creditors or equity security holders with respect to Jurasek's proposed employment, by reason of any direct or indirect relationship to or connection with Schupmann or for any other reason.

6. To the best of my knowledge, Jurasek does not have any other connections with the United States Trustee, or any person employed in the office of the United States Trustee, nor is any person connected with Jurasek a relative of the bankruptcy judge assigned to the case.

7. Jurasek has not entered into any arrangement to share any compensation that may be awarded by the Court, except as permitted under § 504(b) of the Bankruptcy Code.

8. Pursuant to Bankruptcy Rule 2016(b), neither Jurasek nor its professionals have entered into any agreements, express or implied, with any other party in interest, including Schupmann, any creditor in the case, or any attorney for a party in interest in the case: (a) for the purpose of sharing or fixing fees or other compensation to be paid to any such party in interest or its attorneys for services

rendered; (b) for payment of compensation from the assets of the estate in excess of the compensation allowed by this Court pursuant to applicable sections of the Bankruptcy Code; or (c) for payment of compensation in connection with the case other than in accordance with the applicable sections of the Bankruptcy Code and as disclosed herein.

Dated: August 11, 2026

DocuSigned by:
E2E1B3E7D5F244D...
Michael Jurasek