**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**David Phillip Schupmann**<br><br>Debtor. | Chapter 11<br>Bankruptcy Case No. 26-05587<br><br>Honorable Jacqueline P. Cox<br><br>Hearing Date: October 20, 2026<br>1:30 p.m. (Central Time) |

**NOTICE OF MOTION AND CERTIFICATE OF SERVICE**

TO: See attached list.

PLEASE TAKE NOTICE that on **October 20, 2026 at 1:30 p.m. (prevailing Central Time),** I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place, **either** in courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the **Motion for Entry of an Order Authorizing Examination of U.S. Bank National Association and the Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004,** a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet,** (1) go to this link: https://www.zoomgov.com/ . (2) Enter the meeting ID 161 273 2896. (3) Enter the passcode 778135.

**To appear by Zoom using a telephone,** (1) call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 161 273 2896. (3) Enter passcode 778135.

**When prompted identify yourself by stating your full name.**

**To reach Judge Cox's web page** go to www.ilnb.uscourts.gov and click on the tab for Judges.

If **you object to this motion** and want it called on the presentment date above, you may file a Notice of **Objection** no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

Dated: October 13, 2026

Respectfully submitted,

**FW-CO, Inc. d/b/a Fortis**

By *_/s/ Elizabeth B. Vandesteeg_*
One of Their Attorneys

Elizabeth B. Vandesteeg (IL No. 6291426)
Jack R. O'Connor (IL No. 6302674)
Cha'yra C. Eddie-Williams (IL No. 6335826)
Levenfeld Pearlstein LLC
120 S. Riverside Plaza, Ste. 1800
Chicago, Illinois 60606
evandesteeg@lplegal.com
joconnor@lplegal.com
ceddiewilliams@lplegal.com

## CERTIFICATE OF SERVICE

I, Elizabeth B. Vandesteeg, certify that I served a copy of this Notice and the attached ***Motion for Entry of an Order Authorizing Examination of U.S. Bank National Association and the Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004*** on each entity shown on the attached list at the address shown and by the method indicated on the list on **October 13, 2026.**

By *___/s/ Elizabeth B. Vandesteeg___*
Attorney

## SERVICE LIST

***Parties served via electronic notice through CM/ECF:***

| | |
|---|---|
| ***Trustee***<br>Ira Bodenstein<br>Attn: Cozen O'Connor<br>123 N. Wacker Drive, Suite 1800<br>Chicago, IL 60606<br>ibodenstein@cozen.com | Old Second National Bank<br>Attn: Dana N. O'Brien<br>McCalla Raymer Leibert Pierce, LLP<br>333 West Wacker Drive Suite 1820<br>Chicago, IL 60606<br>dana.obrien@mccalla.com |
| ***U.S. Trustee***<br>Attn: Adam G. Brief<br>Office of the U. S. Trustee, Region 11<br>219 South Dearborn<br>Room 873<br>Chicago, IL 60604<br>Ustpregion11.es.ecf@usdoj.gov | **Counsel for Debtor**<br>Attn: Ariane Holtschlag<br>Attn: Jeffrey K. Paulsen<br>Paulsen+Holtschlag LLC<br>1245 S. Michigan, No. 115<br>Chicago, IL 60605<br>aholtschlag@ph-firm.com<br>jpaulsen@ph-firm.com |

***Parties served via FedEx Overnight Mail:***

| | |
|---|---|
| U.S. Bank National Association<br>Attn: CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | U.S. Bank National Association<br>Attention: Legal Department<br>425 Walnut Street<br>Cincinnati, OH 45202 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**David Phillip Schupmann**<br><br>Debtor. | Chapter 11<br>Bankruptcy Case No. 26-05587<br><br>Honorable Jacqueline P. Cox<br><br>Hearing Date: October 20, 2026<br>1:30 PM |

**FW-CO, INC. D/B/A FORTIS'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING EXAMINATION OF U.S. BANK NATIONAL ASSOCIATION AND THE PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

FW-CO, Inc. d/b/a Fortis ("Fortis"), a creditor and party in interest in the above-captioned chapter 11, subchapter V case of David Schupmann (the "Debtor"), by its undersigned counsel, and pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2004-1 of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), respectfully moves this Court for entry of an order authorizing it to examine U.S. Bank National Association ("U.S. Bank") under oath and to require it to produce records concerning a specifically identified account ending in 4013 (the "U.S. Bank Account"). In support of this Motion, Fortis states as follows:

## INTRODUCTION

1. This Motion seeks targeted Rule 2004 discovery from U.S. Bank concerning a specific account (the "U.S. Bank Account") that the Debtor identified for receipt of an approximately $110,000 business-related payment. The U.S. Bank Account does not appear in the disclosures or production presently available to Fortis, despite Fortis's understanding that the Debtor has represented that he disclosed all bank accounts. The requested records are needed to

determine The U.S. Bank Account's ownership and control, whether the payment was received, where the funds went, and whether the account or transactions reveal property, income, transfers, or business interests relevant to administration of the estate.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

5. The statutory predicate for the relief requested herein is Bankruptcy Rule 2004.

## BACKGROUND

1. On or about March 30, 2026, the Debtor filed a voluntary petition for relief under chapter 11, subchapter V of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"), commencing the above-captioned case (the "Case").

2. The Debtor is an individual operating as a small business debtor within the meaning of 11 U.S.C. § 1182(1).

3. Fortis is a creditor of the Debtor and a party in interest in this Case.

4. In November 2022, an invoice in the amount of $110,000 was transmitted to Installation Services in connection with a payment requested by the Debtor. After the sender advised that the payment had been transmitted to an account already on file, the Debtor asked whether the payment had been wired to TPI or paid to Kurt's Turf. The sender responded that the payment had been wired to the account it had on file under Kurt's Turf. The Debtor requested that the transfer be stopped. On November 28, 2022, the Debtor provided account and routing information for the U.S. Bank Account and stated that the payment could be wired there. The

sender responded that it would wire the payment to that account and later stated that the ACH would be executed the following day. (See email correspondence attached as **Exhibit A.)**

5. This correspondence identifies a specific U.S. Bank account selected by the Debtor to receive a substantial business-related payment, but it does not establish who legally or beneficially owned the account, who controlled it, what entity was associated with it, whether the payment was deposited, or how any funds were later used or transferred.

6. Fortis understands that the Debtor has represented that he disclosed all bank accounts, but no U.S. Bank account has been identified in the Debtor's Schedules, Statement of Financial Affairs, or production presently available to Fortis.

7. Questions with respect to the U.S. Bank Account are material to estate administration because the U.S. Bank Account or transactions may identify property of the estate, an ownership or beneficial interest of the Debtor, an entity in which the Debtor holds or held an interest, business income or receipts directed by the Debtor, transfers made at the Debtor's direction or for his benefit, or other financial interests required to be disclosed in this case.

## RELIEF REQUESTED

8. Fortis requests that the Court enter an order authorizing Fortis to issue a subpoena to U.S. Bank commanding its appearance for testimony and the production of the documents described in Exhibit A to the subpoena attached hereto.

9. The requested production is limited to records bearing on: (a) account ownership and beneficial ownership; (b) signatory, access, and control rights; (c) the approximately $110,000 payment referenced in the November 2022 correspondence; (d) statements and transaction records for the specified period; (e) linked accounts involving the Debtor or a related entity; and (f) closure and disposition of any remaining balance.

## BASIS FOR RELIEF REQUESTED

10. Bankruptcy Rule 2004(a) provides that "[o]n a party in interest's motion, the court may order the examination of any entity." The scope of a Rule 2004 examination is "broad and unfettered." *In re Enron Corp*., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).

11. The scope of examination under Rule 2004(b) may relate to "the debtor's acts, conduct, or property; the debtor's liabilities and financial condition; any matter which may affect the administration of the debtor's estate; or [] the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b)(1)(A-D).

12. The scope of Rule 2004 discovery is intentionally broad, broader than discovery permitted under the Federal Rules of Civil Procedure, and is designed to assist parties in interest in understanding the debtor's financial affairs and uncovering assets. *See In re Enron Corp*., 281 B.R. at 840; *In re Drexel Burnham Lambert Grp., Inc*., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991).

13. Examinations under Rule 2004 are allowed for the "purpose of discovering assets and unearthing frauds[.]" *In re Table Talk, Inc*., 51 B.R. 143, 145 (Bankr. D. Mass. 1985).

14. The documents and information sought by Fortis are directly relevant to the administration of the Debtor's estate and the Debtor's financial condition. The requested examination and production of documents will assist Fortis in evaluating the Debtor's financial affairs and the viability of any proposed plan of reorganization.

15. The requested records fall within the express scope of Rule 2004. They will show whether the U.S. Bank Account was owned or controlled by the Debtor, held jointly with another person, held by an entity in which the Debtor had a direct or indirect interest, or used to receive or transfer funds at the Debtor's direction or for his benefit.

16. The records will also show whether the approximately $110,000 payment was deposited into the U.S. Bank Account; whether additional business receipts or transfers involving the Debtor or related entities passed through it; where funds were subsequently transferred; and whether any account, income, business interest, transfer, or resulting property should have been disclosed in the Debtor's schedules, statement of financial affairs, monthly operating reports, or other bankruptcy disclosures.

17. The production is appropriately focused. It is directed to one financial institution and one identified account, is anchored to a specific transaction and account number, and seeks objective third-party records that are uniquely reliable as to account ownership, authority, receipt of funds, transfers, and disposition.

18. Fortis does not seek these records under Rule 2004 to determine liability, intent, nondischargeability, or damages in the pending adversary proceeding. The subpoena is independently justified by the need to determine whether the Debtor's bankruptcy disclosures are complete, identify potential estate property and business interests, trace the disposition of a substantial payment directed by the Debtor, and evaluate the Debtor's financial condition and matters affecting administration of this subchapter V case.

19. Although responsive records may overlap with issues relevant outside the bankruptcy case, that potential overlap does not eliminate their independent relevance to the Debtor's financial affairs and administration of the estate. The subpoena is limited to those estate-administration purposes.

20. Good cause therefore exists to authorize Fortis to issue the proposed subpoena to U.S. Bank.

**NOTICE**

21. Notice of this Motion has been provided to: (a) the Debtor; (b) the Debtor's counsel; (c) U.S. Bank National Association; (d) the Subchapter V Trustee; (e) the Office of the United States Trustee; and (f) all parties who have requested or receive notice through CM/ECF. Fortis submits that, under the circumstances, no further notice is required.

**WHEREFORE**, Fortis requests that the Court enter an order: (a) authorizing Fortis to issue a subpoena to U.S. Bank National Association. commanding its appearance for testimony and the production of the documents described in Exhibit A to the subpoena attached hereto; and (b) granting such other and further relief as the Court deems just and proper.

Dated: October 13, 2026

Respectfully submitted,

**FW-CO, Inc. d/b/a Fortis**
By: _/s/ Elizabeth B. Vandesteeg_
One of Its Attorneys

Elizabeth B. Vandesteeg (IL No. 6291426)
Jack R. O'Connor (IL No. 6302674)
Cha'yra C. Eddie-Williams (IL No. 6335826)
Levenfeld Pearlstein LLC
120 S. Riverside Plaza, Ste. 1800
Chicago, Illinois 60606
evandesteeg@lplegal.com
joconnor@lplegal.com
ceddiewilliams@lplegal.com
*Counsel for Fortis*

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern_District of Illinois

| | |
|---|---|
| **Debtor:** David L. Schupmann | Case No. 26-05587<br>Chapter 11<br>Subchapter V |

## SUBPOENA FOR RULE 2004 EXAMINATION

To: U.S. Bank National Association
Attn: CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

U.S. Bank National Association
Attention: Legal Department
425 Walnut Street
Cincinnati, OH 45202

*(Name of person to whom the subpoena is directed)*

☐ ☒*Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| | |
|---|---|
| PLACE: Levenfeld Pearlstein, LLC<br>120 S. Riverside Plaza, Suite 1800<br>Chicago, IL 60606 | Time:<br>Date: |

The examination will be recorded by this method: **Stenographic Court Reporter or Video**

☒ You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

| |
|---|
| See Exhibit A. All documents must be delivered to Attn: Elizabeth B. Vandesteeg Levenfeld Pearlstein, LLC, 120 S. Riverside Plaza, Suite 1800, Chicago, IL 60606 no later than **twenty-one (21) days** after service of this subpoena. Electronic production must also be made upon counsel for Fortis. Direct all electronic productions to Elizabeth B. Vandesgeeg (evandesteeg@lplegal.com). |

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 13, 2026

CLERK OF COURT

OR /s/ Elizabeth B. Vandesteeg

_Signature of Clerk or Deputy Clerk_ | _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing *FW-CO, Inc. d/b/a Fortis,* who issues or requests this subpoena, are:

Elizabeth B. Vandesteeg

Levenfeld Pearlstein, LLC
120 S. Riverside Plaza
Suite 1800, Chicago, IL 60606
312-476-7580
evandesteeg@lplegal.com
Counsel for *FW-CO, Inc. d/b/a Fortis*

**EXHIBIT A**

**DOCUMENTS TO BE PRODUCED BY U.S. BANK NATIONAL ASSOCIATION**

**DEFINITIONS AND INSTRUCTIONS**

A. "Debtor" means David Schupmann.

B. "U.S. Bank Account" means the U.S. Bank account ending in 4013 that is identified in the November 28, 2022 correspondence. The complete account number may be supplied to U.S. Bank through the subpoena service materials or another secure, nonpublic means.

C. "Related Entity" means Trident Solutions of Sugar Grove, LLC; Top Pick Investment Group LLC; TPI; Kurt's Turf Inc.; and any other entity reflected in U.S. Bank's records as owning the U.S. Bank Account or exercising authority over the U.S. Bank Account.

D. "Document" includes writings, records, electronically stored information, account data, images, statements, applications, signature cards, checks, deposit items, wire records, ACH records, transfer records, correspondence, and other materials within the possession, custody, or control of U.S. Bank.

E. Unless a request states otherwise, the relevant period is November 1, 2022 through present date. Account-opening, ownership, authority, and closing records must be produced regardless of date if they concern the U.S. Bank Account.

F. Records may be produced electronically in searchable PDF or native format. Transaction data maintained in spreadsheet, delimited, or other structured form should be produced in its ordinarily maintained structured format.

G. If no responsive documents exist for a request, identify the request and state that no responsive documents were located.

H. Fortis does not request suspicious activity reports or any document whose disclosure is prohibited by 31 U.S.C. § 5318(g), 12 C.F.R. § 21.11(k), or other applicable law. This limitation does not exclude underlying account, transaction, customer-identification, or other nonprivileged business records.

## REQUESTS FOR PRODUCTION

**1. Account Identification and Ownership.** Documents sufficient to identify the name and number of the U.S. Bank Account; the date opened; account type; legal owner or owners; beneficial owner or owners; tax-identification number associated with the account; mailing and email addresses; telephone numbers; and each business, trade, assumed, or "doing business as" name associated with the account.

**2. Opening and Authority Records.** All account-opening documents, applications, agreements, signature cards, beneficial-ownership certifications, customer-identification records, resolutions, powers of attorney, and documents reflecting the addition or removal of any owner, beneficial owner, signer, authorized user, online user, administrator, or person with withdrawal or transfer authority for the U.S. Bank Account.

**3. Debtor's Access or Control.** Documents sufficient to identify every role, credential, authority, or means of access associated with the Debtor in connection with the U.S. Bank Account, including ownership, beneficial ownership, signatory authority, online access, mobile access, telephone access, debit-card access, deposit authority, withdrawal authority, and internal or external transfer authority.

**4. Statements and Transaction History.** All periodic statements and complete transaction histories for the U.S. Bank Account from November 1, 2022 through the Petition Date, and from March 30, 2026 through present date, including deposits, withdrawals, checks, ACH transactions,

wire transfers, internal transfers, external transfers, fees, reversals, returned items, and adjustments.

**5. The Approximately $110,000 Payment.** All documents concerning any attempted, initiated, recalled, rejected, returned, deposited, credited, withdrawn, or transferred payment of approximately $110,000 to or from the U.S. Bank Account during November or December 2022, where the payment originated from or referred to Installation Services, TopKey Construction, Dan Schardt, JVM, Kurt's Turf, Trident Solutions, TPI, the Debtor, or any substantially similar name or descriptor.

**6. Deposit Records.** For each deposit of $5,000 or more into the U.S. Bank Account during the relevant period, or each deposit involving the Debtor or any Related Entity regardless of amount, documents sufficient to identify the date, amount, source, originator, originating financial institution and account, payor, remitter, deposited item, and method of deposit.

**7. Outgoing Transfers.** For each withdrawal or transfer of $5,000 or more from the U.S. Bank Account during the relevant period, or each withdrawal or transfer involving the Debtor or any Related Entity regardless of amount, documents sufficient to identify the date, amount, recipient, beneficiary, destination financial institution and account, payee, method of transfer, and any memo, reference, or payment description.

**8. Transactions Involving Identified Persons or Entities.** Documents sufficient to identify all transactions, regardless of amount, between the U.S. Bank Account and the Debtor, Trident Solutions of Sugar Grove, LLC, Top Pick Investment Group LLC, TPI, Kurt's Turf Inc., Installation Services, TopKey Construction, Jennifer Schupmann, or an account held in any of those names during the relevant period, including the date, amount, sender or originator, recipient or beneficiary, and available transaction description.

**9. Linked or Related Accounts.** Documents sufficient to identify each deposit, loan, credit, investment, merchant, custodial, or other account linked to the U.S. Bank Account for online banking, consolidated statements, overdraft protection, sweeps, deposits, bill payment, or transfers, but only if the Debtor or a Related Entity was an owner, beneficial owner, signer, authorized user, guarantor, or person with access or transfer authority for the linked account.

**10. Checks and Deposit Items.** Images of all checks, cashier's checks, money orders, deposit slips, deposited items, and withdrawal tickets of $5,000 or more credited to or drawn on the U.S. Bank Account during the relevant period, together with available front-and-back images and associated processing data.

**11. Communications Concerning Ownership or Authority.** Nonprivileged communications between U.S. Bank and the Debtor or any representative of the account holder concerning the ownership, beneficial ownership, signatory authority, access, control, restriction, freeze, closure, or transfer authority associated with the U.S. Bank Account.

**12. Closure and Disposition.** All documents concerning closure of the U.S. Bank Account, including the closure request, date of closure, reason reflected in U.S. Bank's records, final statement, and disposition of any remaining balance by check, wire, ACH, internal transfer, external transfer, or other means.

**13. Record Custodian Certification.** A records-custodian declaration or certification sufficient to authenticate the produced records under Federal Rules of Evidence 803(6), 902(11), or other applicable law.

# **EXHIBIT A**

Message

**From:** David Schupmann [dave@tridentsolutionscorp.com]
**Sent:** 11/28/2022 2:23:52 PM
**To:** Dan Schardt [dschardt@installservices.net]
**CC:** JVM [JVM@installservices.net]
**Subject:** Re: Invoice 22911 from Kurt's Turf Inc.

Good morning!! No worries at all! Really whatever is easiest for you. You can mail a check to that address or wire to that account at:

USBank

Account # [redacted]4013

Routing # [redacted]

Just confirm which one so I know what to look for.

Thank you!!

Dave

Sent from my iPhone

On Nov 28, 2022, at 7:38 AM, Dan Schardt <dschardt@installservices.net> wrote:

Good Morning Dave- Sorry for any confusion, can you confirm where you want to payment sent? Mailed to the address on the Kurt's Turf invoice? Wired to your account we have on file? Option 3?

Thanks,
Dan

Dan Schardt
Chief Operating Officer
DSchardt@InstallServices.net
Cell: 410-804-5467

9115-K Whiskey Bottom Rd
Laurel, MD 20723
<image001.png>

---

**From:** JVM <JVM@installservices.net>
**Sent:** Friday, November 25, 2022 10:51 AM
**To:** David Schupmann <dave@tridentsolutionscorp.com>
**Cc:** Dan Schardt <dschardt@installservices.net>
**Subject:** Re: Invoice 22911 from Kurt's Turf Inc.

Thank you, Dave that means a-lot. I'm here if you need anything. Please enjoy your time with your family and we'll connect on Monday.

JVM
Managing Partner
443-846-8808
Installation Services
9115 K Whiskey Bottom Rd
Laurel, Md
20723

---

**From:** David Schupmann <dave@tridentsolutionscorp.com>
**Sent:** Friday, November 25, 2022 9:50:36 AM
**To:** JVM <JVM@installservices.net>
**Cc:** Dan Schardt <dschardt@installservices.net>
**Subject:** Re: Invoice 22911 from Kurt's Turf Inc.

JVM - my apologies as well. I should've called you directly. I know Dan's got a ton on his plate and he's doing a ton he's been great. If there's any fees associated with this, please let me know and I'll be happy to handle them. Thanks for all that you do. Enjoy the long weekend and I will talk to you on Monday. Will catch are stride here with everything shortly and look forward to a great 2023 with you.!!

Dave

Sent from my iPhone

On Nov 25, 2022, at 7:36 AM, JVM <JVM@installservices.net> wrote:

Dave, I am recalling the wire, it's in the process of being withdrawn right now. I apologize for the confusion and on Monday let's reconnect and give me the exact name, account number and routing number you wish for the money to be wired into and I will handle it then.

Again, I apologize for the confusion.

JVM
Managing Partner
443-846-8808
Installation Services
9115 K Whiskey Bottom Rd
Laurel, Md
20723

---

**From:** JVM <JVM@installservices.net>
**Sent:** Friday, November 25, 2022 8:01:54 AM
**To:** David Schupmann <dave@tridentsolutionscorp.com>
**Cc:** Dan Schardt <dschardt@installservices.net>
**Subject:** Re: Invoice 22911 from Kurt's Turf Inc.

*** if I can recall the wire

JVM
Managing Partner
443-846-8808
Installation Services
9115 K Whiskey Bottom Rd
Laurel, Md
20723

---

**From:** JVM <JVM@installservices.net>
**Sent:** Friday, November 25, 2022 8:01:22 AM
**To:** David Schupmann <dave@tridentsolutionscorp.com>
**Cc:** Dan Schardt <dschardt@installservices.net>
**Subject:** Re: Invoice 22911 from Kurt's Turf Inc.

Dave,
I will recall the wire however, just to be clear the money is going into the account number and routing number that we have used in the past for you, I just created it with a template under the name Kurtz Turf. If I can recall it, what bank account should It go to?

JVM
Managing Partner
443-846-8808
Installation Services
9115 K Whiskey Bottom Rd
Laurel, Md
20723

---

**From:** David Schupmann <dave@tridentsolutionscorp.com>
**Sent:** Friday, November 25, 2022 6:10:38 AM
**To:** JVM <JVM@installservices.net>
**Cc:** Dan Schardt <dschardt@installservices.net>
**Subject:** Re: Invoice 22911 from Kurt's Turf Inc.

Ok - I didn't provide an account for that, I just had them send an invoice and their W9. I explained to Dan that we are trying to move this referral business to a newco we set up - Trident Solutions. In the meantime I wanted this portion of payment to go to one of our other companies. I doubt what you had on file is the same entity. Can you stop the transfer?

Thank you JVM.

Dave

On Nov 24, 2022, at 9:08 PM, JVM <JVM@installservices.net> wrote:

I wired to the account I have on file under Kurt's Turf.

JVM
Managing Partner
443-846-8808
Installation Services

9115 K Whiskey Bottom Rd
Laurel, Md
20723

---

**From:** David Schupmann <dave@tridentsolutionscorp.com>
**Sent:** Thursday, November 24, 2022 3:26:45 PM
**To:** JVM <JVM@installservices.net>
**Cc:** Dan Schardt <dschardt@installservices.net>
**Subject:** Re: Invoice 22911 from Kurt's Turf Inc.

JVM - just checking. Did you wire to TPI or cut a check to Kurt's Turf?

Dave

Sent from my iPhone

On Nov 23, 2022, at 2:32 PM, JVM <JVM@installservices.net> wrote:

Good afternoon Dave,

Your payment is processed and transmitted. It will hit your account Friday.

Happy holidays and thank you for your continued support.

*JVM*
Managing Partner
Installation Services
(443) 846–8808
9115 K Whiskey Bottom Rd
Laurel, Md 20723
<image001.png>

---

**From:** David Schupmann <dave@tridentsolutionscorp.com>
**Date:** Monday, November 21, 2022 at 8:10 PM
**To:** JVM <JVM@installservices.net>
**Cc:** Dan Schardt <dschardt@installservices.net>
**Subject:** Re: Invoice 22911 from Kurt's Turf Inc.

Outstanding JVM! thanks for always being on top of things!!

Dave

Sent from my iPhone

On Nov 21, 2022, at 4:55 PM, JVM <JVM@installservices.net> wrote:

Hi there Dave ~ Your payment will be processed Wednesday when we complete our payables for the week. If you need anything or have any questions, please feel free to reach out.

Thank you for your continued support.

JVM
443-846-8808
Installation Services
9115 K Whiskey Bottom Rd
Laurel, Md
20723
Please excuse any errors this message was dictated using talk to text.

---

**From:** David Schupmann <dave@tridentsolutionscorp.com>
**Sent:** Monday, November 21, 2022 3:38:05 PM
**To:** Dan Schardt <dschardt@installservices.net>
**Cc:** JVM <JVM@installservices.net>
**Subject:** Re: Invoice 22911 from Kurt's Turf Inc.

Thanks Dan - do you know when this is scheduled for payment?

On Nov 17, 2022, at 11:05 AM, Dan Schardt <dschardt@installservices.net> wrote:

Received

Thanks,
Dan

Dan Schardt
Chief Operating Officer
DSchardt@InstallServices.net
Cell: 410-804-5467

9115-K Whiskey Bottom Rd
Laurel, MD 20723
<image001.png>

---

**From:** David Schupmann <dave@tridentsolutionscorp.com>
**Sent:** Thursday, November 17, 2022 10:53 AM
**To:** Dan Schardt <dschardt@homefixcr.com>
**Subject:** Fwd: Invoice 22911 from Kurt's Turf Inc.

---------- Forwarded message ---------
From: <kurtsturf@gmail.com>
Date: Thu, Nov 17, 2022 at 4:04 AM
Subject: Invoice 22911 from Kurt's Turf Inc.
To: <Dave@tridentsolutionscorp.com>

Kurt's Turf Inc.

**Invoice** *Due:12/16/2022*
*22911*

Amount Due: $110,000.00

Dear Customer :

Your invoice appears below. Please remit payment at your earliest convenience.

Thank you for your business - we appreciate it very much.

Sincerely,

Kurt's Turf Inc.

<~WRD1963.jpg>