**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**David Phillip Schupmann**<br><br>Debtor. | Chapter 11<br>Bankruptcy Case No. 26-05587<br><br>Honorable Jacqueline P. Cox<br><br>Hearing Date: October 20, 2026<br>1:30 p.m. (Central Time) |

**NOTICE OF MOTION AND CERTIFICATE OF SERVICE**

TO: See attached list.

PLEASE TAKE NOTICE that on **October 20, 2026 at 1:30 p.m. (prevailing Central Time),** I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place, **either** in courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the **Motion for Entry of an Order Authorizing Examination of Kurt's Turf, Inc. and the Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004,** a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet,** (1) go to this link: https://www.zoomgov.com/ . (2) Enter the meeting ID 161 273 2896. (3) Enter the passcode 778135.

**To appear by Zoom using a telephone,** (1) call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 161 273 2896. (3) Enter passcode 778135.

**When prompted identify yourself by stating your full name.**

**To reach Judge Cox's web page** go to www.ilnb.uscourts.gov and click on the tab for Judges.

If **you object to this motion** and want it called on the presentment date above, you may file a Notice of **Objection** no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

Dated: October 13, 2026 Respectfully submitted,

**FW-CO, Inc. d/b/a Fortis**

By *<u>/s/ Elizabeth B. Vandesteeg</u>*
One of Their Attorneys

Elizabeth B. Vandesteeg (IL No. 6291426)
Jack R. O'Connor (IL No. 6302674)
Cha'yra C. Eddie-Williams (IL No. 6335826)
Levenfeld Pearlstein LLC
120 S. Riverside Plaza, Ste. 1800
Chicago, Illinois 60606
evandesteeg@lplegal.com
joconnor@lplegal.com
ceddiewilliams@lplegal.com

## CERTIFICATE OF SERVICE

I, Elizabeth B. Vandesteeg, certify that I served a copy of this Notice and the attached ***Motion for Entry of an Order Authorizing Examination of Kurt's Turf, Inc. and the Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004*** on each entity shown on the attached list at the address shown and by the method indicated on the list on **October 13, 2026.**

By *_/s/ Elizabeth B. Vandesteeg_*
Attorney

## SERVICE LIST

***Parties served via electronic notice through CM/ECF:***

| | |
|---|---|
| ***Trustee***<br>Ira Bodenstein<br>Attn: Cozen O'Connor<br>123 N. Wacker Drive, Suite 1800<br>Chicago, IL 60606<br>ibodenstein@cozen.com | Old Second National Bank<br>Attn: Dana N. O'Brien<br>McCalla Raymer Leibert Pierce, LLP<br>333 West Wacker Drive Suite 1820<br>Chicago, IL 60606<br>dana.obrien@mccalla.com |
| ***U.S. Trustee***<br>Attn: Adam G. Brief<br>Office of the U. S. Trustee, Region 11<br>219 South Dearborn<br>Room 873<br>Chicago, IL 60604<br>Ustpregion11.es.ecf@usdoj.gov | **Counsel for Debtor**<br>Attn: Ariane Holtschlag<br>Attn: Jeffrey K. Paulsen<br>Paulsen+Holtschlag LLC<br>1245 S. Michigan, No. 115<br>Chicago, IL 60605<br>aholtschlag@ph-firm.com<br>jpaulsen@ph-firm.com |

| ***Parties served via FedEx Overnight Mail*** | ***Parties served via Email:*** |
|---|---|
| Kurt's Turf, Inc.<br>Attn: Registered Agent,<br>Christina Andreacchi<br>1060 Lake Street, Suite 100<br>Hanover Park, IL 60133 | Kurt's Turf, Inc.<br>P.O. Box 3<br>Wasco, IL 60183<br>630-479-1664<br>kurtsturf@gmail.com |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**David Phillip Schupmann**<br><br>Debtor. | Chapter 11<br>Bankruptcy Case No. 26-05587<br><br>Honorable Jacqueline P. Cox<br><br>Hearing Date: October 20, 2026<br>1:30 PM |

**FW-CO, INC. D/B/A FORTIS'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING EXAMINATION OF KURT'S TURF, INC. AND THE PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

FW-CO, Inc. d/b/a Fortis ("Fortis"), a creditor and party in interest in the above-captioned chapter 11, subchapter V case of David Schupmann (the "Debtor"), by its undersigned counsel, and pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2004-1 of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), respectfully moves this Court for entry of an order authorizing it to examine Kurt's Turf, Inc. ("Kurt's Turf") under oath and to require it to produce the documents identified herein.

The requested documents are necessary to determine the nature, source, destination, and beneficiary of transfers involving Kurt's Turf; whether funds or services were provided to or for the Debtor's benefit; whether improvements were made to property owned or used by the Debtor; and whether the Debtor has accurately disclosed his assets, expenses, transfers, income, and postpetition financial activity. The requests are narrowly limited to those estate-administration subjects and do not seek discovery concerning the merits of any adversary proceeding.

In support of this Motion, Fortis states as follows:

## INTRODUCTION AND BACKGROUND

1. On or about March 30, 2026, the Debtor filed a voluntary petition for relief under chapter 11, subchapter V of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"), commencing the above-captioned case (the "Case").

2. The Debtor is an individual operating as a small business debtor within the meaning of 11 U.S.C. § 1182(1).

3. Fortis is a creditor of the Debtor and a party in interest in this Case.

4. On or about November 16, 2022, Kurt's Turf issued Invoice No. 22911 to Installation Services in the amount of $110,000. The invoice described the work as "Techo patio, sidewalks, steps, walls and grill island," but did not identify the location of the project or the owner of the property that allegedly received the work.

5. The Debtor transmitted Invoice No. 22911 to Installation Services and followed up concerning payment.

6. The contemporaneous communications reflect that, after Installation Services attempted to make payment using account information it already associated with the Debtor, the Debtor requested that the transfer be stopped and stated that he wanted "this portion of payment to go to one of our other companies."

7. The Debtor subsequently advised Installation Services that it could either mail a check to Kurt's Turf or wire the funds to a bank account identified by the Debtor. Installation Services later confirmed that it would transmit the funds to the account supplied by the Debtor.

8. These circumstances raise legitimate questions concerning whether Kurt's Turf performed the work described in Invoice No. 22911; where the work was performed; who owned or benefited from the improved property; who ultimately received the payment; and whether all or any portion of the transaction constituted income, a distribution, a transfer, or another economic benefit to the Debtor.

9. Additional invoices reflect that Kurt's Turf provided landscaping, maintenance, and improvement services billed to the Debtor at the real property commonly known as 0S440 Crego Place, Geneva, Illinois 60134 (the "Geneva Residence"), including cleanup, mulch, tree work, plantings, lighting, and wall installation.

10. Fortis has learned that the Debtor made payments to Kurt's Turf after the petition date, purportedly for landscaping services. Discovery is necessary to determine the dates and amounts of those payments, the source accounts, the services actually provided, the property and persons benefited, and the manner in which those expenditures were disclosed and treated in this bankruptcy case.

11. Kurt's Turf possesses the invoices, communications, job records, accounting records, payment records, and other documents needed to determine the true nature of these transactions. Those records cannot be reconstructed completely from the Debtor's records alone because Kurt's Turf created the invoices, supplied or arranged the work, maintained its own accounting records, and received or supplied payment information.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

13. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

15. The statutory predicate for the relief requested herein is Bankruptcy Rule 2004.

## RELIEF REQUESTED

16. Fortis requests that the Court enter an order authorizing Fortis to issue a subpoena to Kurt's Turf commanding its appearance for testimony and the production of the documents described in Exhibit A to the subpoena attached hereto.

## BASIS FOR RELIEF REQUESTED

17. Bankruptcy Rule 2004(a) provides that "[o]n a party in interest's motion, the court may order the examination of any entity." The scope of a Rule 2004 examination is "broad and unfettered." *In re Enron Corp*., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).

18. The scope of examination under Rule 2004(b) may relate to "the debtor's acts, conduct, or property; the debtor's liabilities and financial condition; any matter which may affect the administration of the debtor's estate; or [] the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b)(1)(A-D).

19. The scope of Rule 2004 discovery is intentionally broad, broader than discovery permitted under the Federal Rules of Civil Procedure, and is designed to assist parties in interest in understanding the debtor's financial affairs and uncovering assets. *See In re Enron Corp*., 281 B.R. at 840; *In re Drexel Burnham Lambert Grp., Inc*., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991).

20. Examinations under Rule 2004 are allowed for the "purpose of discovering assets and unearthing frauds[.]" *In re Table Talk, Inc*., 51 B.R. 143, 145 (Bankr. D. Mass. 1985).

21. The proposed examination falls squarely within that scope. Records identifying the source, destination, and beneficiary of payments involving Kurt's Turf relate to the Debtor's acts, property, liabilities, and financial condition. Records concerning work at the Geneva Residence

bear on the source and use of funds to maintain or improve property owned or used by the Debtor and on whether those expenditures and benefits have been accurately disclosed.

22. Records concerning postpetition services and payments also bear directly on estate administration, including the Debtor's actual household expenses, use of estate funds, disposable income, and the feasibility and good faith of the Debtor's proposed Plan.

23. The requests are appropriately tailored. They focus on Invoice No. 22911; the location, performance, payment, and beneficiary of the invoiced work; services and improvements at the Geneva Residence; payments and transfers between Kurt's Turf and the Debtor or persons acting for his benefit; and postpetition services and payments. They do not seek generalized merits discovery concerning claims asserted in any adversary proceeding.

24. Moreover, Kurt's Turf is uniquely situated to provide evidence concerning these matters because Kurt's Turf directly interacted with the Debtor while he remained employed by Fortis and entered into consulting arrangements involving Trident.

25. The requested examination and document production are narrowly tailored to obtain relevant information and are not unduly burdensome.

26. To the extent any responsive document also may be relevant to separate litigation, that overlap does not eliminate the independent bankruptcy-case purposes described above. Fortis requests the documents for purposes of investigating the Debtor's financial affairs, testing the accuracy of his disclosures, tracing transfers and economic benefits, evaluating postpetition expenditures, and assessing estate administration and plan feasibility.

**NOTICE**

27. Notice of this Motion has been provided to: (a) the Debtor; (b) the Debtor's counsel; (c) Kurt's Turf, Inc.; (d) the Subchapter V Trustee; (e) the Office of the United States Trustee; and

(f) all parties who have requested or receive notice through CM/ECF. Fortis submits that, under the circumstances, no further notice is required.

**WHEREFORE**, Fortis requests that the Court enter an order: (a) authorizing Fortis to issue a subpoena to Kurt's Turf, Inc. commanding its appearance for testimony and the production of the documents described in Exhibit A to the subpoena attached hereto; and (b) granting such other and further relief as the Court deems just and proper.

Dated: October 13, 2026

Respectfully submitted,

**FW-CO, Inc. d/b/a Fortis**
By: <u>*/s/ Elizabeth B. Vandesteeg*</u>
One of Its Attorneys

Elizabeth B. Vandesteeg (IL No. 6291426)
Jack R. O'Connor (IL No. 6302674)
Cha'yra C. Eddie-Williams (IL No. 6335826)
Levenfeld Pearlstein LLC
120 S. Riverside Plaza, Ste. 1800
Chicago, Illinois 60606
evandesteeg@lplegal.com
joconnor@lplegal.com
ceddiewilliams@lplegal.com
*Counsel for Fortis*

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern_District of Illinois

| | |
|---|---|
| **Debtor:** David L. Schupmann | Case No. 26-05587<br>Chapter 11<br>Subchapter V |

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Kurt's Turf, Inc.
Attn: Registered Agent, Christina Andreacchi
1060 Lake Street, Suite 100
Hanover Park, IL 60133

*(Name of person to whom the subpoena is directed)*

☐ ☒*Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| | |
|---|---|
| PLACE: Levenfeld Pearlstein, LLC<br>120 S. Riverside Plaza, Suite 1800<br>Chicago, IL 60606 | Time:<br>Date: |

The examination will be recorded by this method: **Stenographic Court Reporter or Video**

☒ You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

| |
|---|
| See Exhibit A. All documents must be delivered to Attn: Elizabeth B. Vandesteeg Levenfeld Pearlstein, LLC, 120 S. Riverside Plaza, Suite 1800, Chicago, IL 60606 no later than **twenty-one (21) days** after service of this subpoena. Electronic production must also be made upon counsel for Fortis. Direct all electronic productions to Elizabeth B. Vandesgeeg (evandesteeg@lplegal.com). |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 13, 2026

CLERK OF COURT

OR /s/ Elizabeth B. Vandesteeg

_______________________________ *Attorney's signature*

*Signature of Clerk or Deputy Clerk*

---

The name, address, email address, and telephone number of the attorney representing *FW-CO, Inc. d/b/a Fortis,* who issues or requests this subpoena, are:

Elizabeth B. Vandesteeg

Levenfeld Pearlstein, LLC
120 S. Riverside Plaza
Suite 1800, Chicago, IL 60606
312-476-7580
evandesteeg@lplegal.com
Counsel for *FW-CO, Inc. d/b/a Fortis*

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1. "You" and "Your" mean Kurt's Turf, Inc., including its present and former officers, owners, employees, agents, accountants, bookkeepers, representatives, and persons acting on its behalf.

2. "Debtor" means David Phillip Schupmann, individually, and any person or entity acting on his behalf, at his direction, or for his benefit.

3. "Jennifer Schupmann" means Jennifer N. Schupmann, individually and as trustee of any trust, and any person acting on her behalf, at her direction, or for her benefit.

4. "Document" means writings, recordings, electronically stored information, and tangible records within Federal Rule of Civil Procedure 34, including emails, text messages, correspondence, invoices, proposals, contracts, work orders, statements, ledgers, accounting records, bank records, checks, deposit records, photographs, videos, and drafts or nonidentical copies.

5. "Communication" means any written or electronic exchange of information, including letters, emails, text messages, messages through electronic applications, and attachments.

6. "Payment" means any direct or indirect transfer of money or other value, including cash, check, ACH, wire transfer, credit, offset, reimbursement, refund, rebate, debt forgiveness, payment of an obligation, provision of goods or services, improvement of property, or payment to a third party.

7. "Geneva Residence" means the real property commonly known as 0S440 Crego Place, Geneva, Illinois 60134, including its buildings, fixtures, landscaping, hardscaping, and improvements.

8. "Invoice No. 22911" means the Kurt's Turf invoice dated November 16, 2022, numbered 22911, issued to Installation Services in the amount of $110,000 and describing "Techo patio, sidewalks, steps, walls and grill island."

9. "Petition Date" means March 30, 2026.

10. "Relevant Period" means January 1, 2022 through the date of production, except that requests expressly directed to postpetition transactions begin on the Petition Date.

11. Produce Documents within Your possession, custody, or control, including Documents You have the legal right or practical ability to obtain from Your officers, employees, agents, accountants, bookkeepers, financial institutions, or payment processors.

12. Produce Documents as kept in the ordinary course of business or organized and labeled to correspond to the numbered requests. Produce electronically stored information in native or reasonably usable searchable form with available metadata preserved.

13. For each responsive Payment, produce available Documents sufficient to identify the date and amount; payer and stated payee; payment method; originating and receiving accounts; associated invoice or stated purpose; person who supplied or approved the payment instructions; and ultimate recipient or beneficiary, if different from the stated payee.

14. If a responsive Document once existed but is unavailable, identify it, its approximate date, author, recipients, general subject matter, and the reason it is unavailable. For Documents withheld based on privilege or protection, provide a privilege log sufficient to assess the claim.

**DOCUMENT REQUESTS**

1. Documents sufficient to identify the property, project, customer, scope of work, persons involved, and ordinary-course accounting history for Invoice No. 22911, including any invoice, proposal, work order, job file summary, and records showing amounts billed, paid, credited, refunded, reversed, voided, deleted, reclassified, or written off.

2. Nonprivileged Communications with the Debtor, Jennifer Schupmann, Installation Services, or any person acting for them concerning Invoice No. 22911, including its creation, purpose, project location, payment instructions, payment status, or any instruction that payment be made to, redirected to, or held for an account or person other than Kurt's Turf.

3. Documents sufficient to show whether Kurt's Turf performed or arranged the work described in Invoice No. 22911 and, if so, when and where the work was performed, who owned or benefited from the property or account involved, and whether any work, services, materials, or payment benefited the Debtor, Jennifer Schupmann, the Geneva Residence, or any entity owned or controlled by the Debtor.

4. Documents sufficient to trace any Payment or attempted Payment relating to Invoice No. 22911, including the date, amount, payer, payment method, originating and receiving accounts, deposit account, refund, reversal, replacement payment, and disposition of the specific Payment, with unrelated transactions permitted to be redacted.

5. Documents sufficient to identify goods or services provided at the Geneva Residence during the Relevant Period, including invoices, proposals, work orders, scope of work, dates, amounts, payment status, and whether the work was maintenance or a capital improvement.

6. Documents sufficient to identify the source and application of each Payment for goods or services provided at the Geneva Residence, including the payer, date, amount, payment method, originating account to the extent reflected in Kurt's Turf's ordinary-course

records, associated invoice, credit, refund, reimbursement, offset, write-off, or debt forgiveness.

7. Documents sufficient to identify any invoice issued to a business, trust, entity, or third party for goods or services actually performed at the Geneva Residence or for the personal benefit of the Debtor or Jennifer Schupmann.

8. Documents sufficient to identify goods or services provided after the Petition Date to or for the benefit of the Debtor, Jennifer Schupmann, or the Geneva Residence, including invoices, work descriptions, dates, amounts, payment status, amounts unpaid, and how any postpetition Payment was applied.

9. Documents sufficient to identify each postpetition Payment received from the Debtor, Jennifer Schupmann, any joint account, any trust, or any person or entity acting for the Debtor's benefit, including the date, amount, payer, payment method, originating account to the extent reflected in Kurt's Turf's ordinary-course records, associated invoice, property benefited, and disposition of the specific Payment, with unrelated transactions permitted to be redacted.

10. Nonprivileged Communications with the Debtor or Jennifer Schupmann concerning postpetition invoices, payment arrangements, payment methods, amounts due, credits, refunds, or services provided at the Geneva Residence.

11. Documents sufficient to identify any Payment made by Kurt's Turf relating to Invoice No. 22911, work performed at the Geneva Residence, or funds received from or at the direction of the Debtor, to the Debtor, Jennifer Schupmann, any trust, any entity owned or controlled by the Debtor, or any account identified by the Debtor, limited to the date, amount, payment method, recipient, stated purpose, and associated invoice or transaction.

12. Documents sufficient to identify any agreement, instruction, or arrangement concerning Invoice No. 22911, work performed at the Geneva Residence, or funds received from Installation Services or another person acting at the direction of the Debtor, pursuant to which Kurt's Turf received, held, transferred, disbursed, credited, or applied funds for the benefit of the Debtor, Jennifer Schupmann, the Geneva Residence, or any entity owned or controlled by the Debtor.

13. Kurt's Turf's invoice register or ordinary-course accounting report for November and December 2022, limited to entries sufficient to place Invoice No. 22911 in sequence and show its invoice number, date, customer, amount, description, payment status, payment date, and payment method.